# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL J. GUEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-08-278-SPS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

The claimant Michael J. Guest requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record

_____

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 14, 1980, and was twenty-six years old at the time of the administrative hearing. He completed the eleventh grade, and obtained an auto-mechanic certificate through vo-tech training (Tr. 33; Tr. 139). He has past relevant work as a laborer and dough maker/ machine operator (Tr. 135). The claimant alleged that he has been unable to work since July 5, 2001, because of problems with his back and hip (Tr. 134).

## Procedural History

On October 4, 2005, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Charles Headrick conducted a hearing and determined that the claimant was not disabled in a decision dated November 30, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He acknowledged that the claimant had medically determinable impairments of back pain and hypertension, but found that these impairments were not severe (Tr. 18). The ALJ then concluded that the claimant was not disabled (Tr. 23).

## Review

The claimant contends that the ALJ erred at step two by finding that none of his medically determinable impairments were severe.[2] The Court finds that the ALJ did commit error in analyzing the claimant's impairments at step two, and the decision of the Commissioner must therefore be reversed.

A claimant has the burden at step two to show that he has an impairment severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137 (1987). The determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), only a *de minimis* showing of impairment is required at step two. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751. A finding of non-severity may be made *only* when the evidence establishes a slight abnormality or a combination of slight abnormalities having no more than a minimal effect on the ability to work. *Hinkle*, 132 F.3d at 1352.

---

[2] The claimant contends that "[t]he ALJ erred in his credibility analysis[,]" but provides no citation or argument. The Court will therefore not reverse on this basis, *see, e. g., Murrell v. Shalala,* 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) ("[P]erfunctory complaints fail to frame and develop an issue sufficient [sic] to invoke appellate review."), *citing United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.), *cert. denied,* 494 U.S. 1082 (1990) ("[W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") [citations omitted], although it *does* appear that the ALJ failed to properly analyze the claimant's credibility.

The claimant's argument focuses primarily upon a medical source statement from his treating physician, Dr. Jeffrey L. Jenkins, dated October 12, 2007. In that statement, Dr. Jenkins opined that the claimant could: lift/carry no more than ten pounds frequently or occasionally; stand/walk for only one hour in an eight-hour workday; stand/walk for only one hour continuously; sit for only one hour in an eight-hour hour workday; and, sit for only one hour continuously (Tr. 218). Dr. Jenkins also opined that the claimant would need to lie down during the normal workday to manage pain or other symptoms and that he was limited in his ability to push/pull more than 10 pounds (Tr. 219). Dr. Jenkins indicated that his conclusions were based on an MRI, a nerve conduction study showing right S1 radiculopathy, and orthopedic findings for sacroilitis (Tr. 219).

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § [404.1527]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. The applicable factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the

treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. And if the ALJ decides to reject a treating physician's opinions entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The ALJ dismissed Dr. Jenkins' opinion as to the claimant's functional limitations in the medical source statement for two reasons: (i) because "[h]e stated the claimant was unable to perform sedentary work activity" (Tr. 22) and therefore opined on an issue reserved to the Commissioner; and, (ii) because "[t]he record does not indicate what records he examined or what objective tests he based his opinion on" (Tr. 22). The ALJ concluded that Dr. Jenkins' opinion could not "be given controlling weight because it is in conflict with and inconsistent with the other substantial evidence as noted above." (Tr. 22). But Dr. Jenkins *did not* state that "the claimant was unable to perform sedentary work activity" or otherwise encroach on the Commissioner's authority by opining that the claimant was disabled; he simply gave his medical assessment of what work-related activities the claimant could physically perform, *i. e.*, his functional limitations. *See, e. g.,* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) ("Medical opinions are statements from

physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.").  Further, the record *does* reflect what records Dr. Jenkins examined and what tests he relied on; Dr. Jenkins included that information in the medical source statement.  The reasons given by the ALJ for dismissing Dr. Jenkins' opinion are thus simply incorrect.

The ALJ's conclusion that Dr. Jenkins' opinion about the claimant's functional limitations was inconsistent with the other medical evidence in the case *might* have been a legitimate reason for refusing to give the opinion controlling weight *if* the ALJ had specified the inconsistencies to which he was referring.  *See, e.g., Langley,* 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300.  *See also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are.") [citation omitted].  But even if Dr. Jenkins' opinion was not entitled to controlling weight, the ALJ was nevertheless required to determine the proper weight to give it by applying all of the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927.  *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical

opinions are still entitled to deference and must be weighed using all of the factors provided in § 404.1527."), *quoting Watkins*, 350 F.3d at 1300 [emphasis added].  *See also Miller v. Barnhart*, 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.").  The ALJ wholly failed to do this.

For the reasons set forth above, the decision of the Commissioner is reversed and the case remanded to the ALJ for further analysis at step two.  On remand, the ALJ should properly analyze *all* medical opinions, re-determine whether the claimant has any severe impairments, and if so, determine his RFC and the work he can perform (if any) and ultimately whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 24th day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**